UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY MARIE MATHEWS,

    Plaintiff,                                          Civil Action No. 16-CV-12015

vs.                                                        HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND REMANDING FOR FURTHER PROCEEDINGS**

This matter is presently before the Court on cross motions for summary judgment [docket entries 15 and 21]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion, deny defendant's motion, and remand the case for further proceedings.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying her application for Social Security disability insurance benefits. An Administrative Law Judge ("ALJ") held a hearing in February 2015 (Tr. 33-52) and issued a decision denying benefits in July 2015 (Tr. 16-28). This became defendant's final decision in April 2016 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence. As the Sixth Circuit has explained, the Court

> must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g)); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th

>
> Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609 F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations and quotation marks omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640-41 (6th Cir. 2013).

At the time of her February 2015 hearing, plaintiff was 43 years old (Tr. 38). She has a high school education and work experience as a metal finisher, waitress, and cashier (Tr. 145-46). Plaintiff claims she has been disabled since January 2013 due to bilateral tendonosis with surgery, multiple fractures in her left leg and left ankle, arthritis in her knees, anxiety, depression, irritable bowel syndrome, and acid reflux (Tr. 144-45 ). Her insured status expired in December 2016 (Tr. 133).

The ALJ found that plaintiff's severe impairments are "right lower tendonosis status post surgery; multiple fractures of the left lower extremity status post surgeries; L4-L5 disc bulge; and tarsal tunnel syndrome" (Tr. 21). The ALJ found that plaintiff's adjustment disorder is non-severe (Tr. 21). The ALJ found that plaintiff cannot perform her past work (Tr. 27) but that she has

the residual functional capacity ("RFC") to perform a limited range of sedentary work.[1] A vocational expert ("VE") testified in response to a hypothetical question that a person of plaintiff's age, education, and work experience, and who has this RFC, could perform certain unskilled, sedentary "sorting, inspecting and bench assembly jobs" of which 360,000 exist in the national economy (Tr. 49). The ALJ cited this testimony as evidence that work exists in significant numbers that plaintiff could perform and concluded that plaintiff is not disabled (Tr. 27-28).

Having reviewed the administrative record and the parties' briefs, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence because his RFC evaluation of plaintiff is flawed. Since the hypothetical question incorporated this flawed RFC evaluation, it failed to describe plaintiff in all relevant respects and the VE's testimony given in response thereto cannot be used to carry defendant's burden to prove the existence of a significant number of jobs plaintiff is capable of performing.

The ALJ's RFC assessment of plaintiff is flawed for the following reasons. First, the

---

[1] Specifically, the ALJ found that plaintiff has the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) with the following additional limitations: requires the ability to stand up, move around and stretch less than ten-percent of the eight hour workday; ability to elevate left lower leg to foot stool height; occasional balancing, stooping, kneeling, crouching, and crawling; no climbing of ropes, ladders, or scaffolds; no operation of foot controls with left leg; and simple, one to three step tasks that involve brief and superficial contact with others..

(Tr. 23.) Section 404.1567(a) defines sedentary work as "involv[ing] lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.."

ALJ failed to consider the side effects of plaintiff's medications.  The record indicates that plaintiff takes, or at various times has taken, a large number of medications, including ambien, bentyl, lomotril, miralax, norco, prilosec, tramadol, vicodin, xanax, trazodone, percocet, flexeril, tylenol #3, zaleplon, tolterodine, gabapentin, and detrol (Tr. 147, 292, 433, 440, 445, 500, 502, 525, 518, 523, 528, 535, 548, 581), many of which have known side effects.  For an unspecified period of time, plaintiff was taking up to eight norco pills per day for pain (Tr. 440).  Plaintiff testified that her medications make her feel nauseous and "very tired" (Tr. 43).  On her function report plaintiff reported side effects of upset stomach, constipation, and "very tired and can't function" (Tr. 163), and on her disability report she reported side effects of feeling drowsy and "out of sorts" (Tr. 166).

At the hearing, the ALJ asked plaintiff if she experienced medication side effects, but he did not inquire further when she answered affirmatively (Tr. 42-43).  Nor did he make any findings on this issue.  This was error, as the Sixth Circuit has held that the ALJ must evaluate "[t]he type, dosage, effectiveness, and side effects of any medication" as part of the process of determining the extent to which side effects impair a claimant's capacity to work.  *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quoting 20 C.F.R. § 416.929(c)(3)(i)-(vi)).  Further, hypothetical questions to vocational experts must account for medication side effects.  *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009).  On remand, the ALJ must determine which medications plaintiff was taking during the relevant time period (i.e., from the alleged disability onset date through the date last insured); make findings as to the nature and severity of these medications' side effects, if any; adjust his findings as appropriate regarding plaintiff's RFC; and incorporate these findings in proper hypothetical questions to the VE.

Second, the RFC evaluation is flawed, and remand is required, because the ALJ failed

4

to explain adequately why he found that plaintiff is able to sit to the extent necessary to engage in full-time work. The ALJ acknowledged that one of plaintiff's severe impairments is "L4-L5 disc bulge" (Tr. 21), a finding confirmed by MRI (Tr. 466).[2] In September 2014, plaintiff rated her back pain as 7/10 (Tr. 469), and her treating physician, Dr. Hall, increased her norco prescription accordingly (Tr. 470). In January 2015, Dr. Hall noted that plaintiff's lumbar radiculopathy (shown by EMG in September 2014 (Tr. 525)) improved after an epidural injection but that plaintiff "is also having residual axial back pain so we will schedule her for medial branch block" (Tr. 518). Dr. Hall also noted plaintiff was experiencing muscle spasms, for which she prescribed flexeril (Tr. 518, 523). Clearly, there is an objective basis for plaintiff's complaints of back pain.

Plaintiff testified that she can sit or stand for 30 to 45 minutes before "get[ting] very uncomfortable" and that her back was hurting at the hearing (Tr. 42-43). The ALJ did not reject this testimony specifically, but he did give her "credibility . . . little weight" for the following reasons:

> Foremost, the physical limitations that the claimant alleged are unsupported by the medical evidence of record. There is no evidence to support physical limitations that would cause the claimant to be confined to lying down throughout most of the day to elevate her legs. Physical examinations have been mostly unremarkable with retained ability to walk. The claimant has continued to perform a large range of activities of daily living including shopping, cooking, and driving that evidence greater retained functioning than alleged. Therefore, the claimant's testimony is found to be exaggerated and given little weight.

(Tr. 26.)

While the ALJ is not required to accept plaintiff's testimony, his "assessment of a

---

[2] The MRI in October 2014 showed "[a] disc bulge with mild bilateral facet joint hypertrophy at the L4-5 level, compressing the thecal sac and causing moderate bilateral neuroforaminal narrowing" (Tr. 466).

claimant's credibility must be supported by substantial evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Here, the ALJ did not explain why he disregarded plaintiff's testimony regarding her limited ability to sit. Plaintiff testified she lies down and elevates her leg "so I don't get the swelling and the pain" in her leg (Tr. 42), not because of back pain. Therefore, even assuming the ALJ could discount this testimony on the grounds that plaintiff's alleged need to lie down and raise her leg is unsupported by the medical evidence, this is not a reason for discounting her testimony regarding her back pain and her restricted ability to sit. Further, the ALJ's statement that plaintiff "has continued to perform a large range of activities of daily living including shopping, cooking, and driving that evidence greater retained functioning than alleged" is not borne out by the record. According to her function report, plaintiff shops twice per week for groceries; cooks "frozen dinners, sandwiches, cereal, [and] soup" and "can't cook big dinners for my family it [sic] hurts to stand to[o] long so my husband cooks dinner"; and "drive[s] my kids to school" (Tr. 158-59). The ALJ does not explain why these extremely limited activities are inconsistent with her claimed limitations, particularly regarding her ability to sit.[3]

On remand, the ALJ must make specific findings as to plaintiff's ability to sit with due regard for the medical evidence regarding her bulging L4-L5 disc and left S1 radiculopathy. The ALJ must reevaluate plaintiff's credibility and, if he rejects plaintiff's testimony regarding her limited ability to sit, explain his reasons for doing so and support his findings of a longer ability to

---

[3] The only medical evidence cited by the ALJ on this issue is the report of the consulting physician, Dr. Jurado, who opined that plaintiff can, among other things, sit for four to five hours per day, stand for four hours per day, walk for four hours per day, use right and left foot controls occasionally, can lift and carry up to 50 pounds occasionally, and has normal ranges of motion in all joints (Tr. 584-91). The ALJ gave Dr. Jurado's opinions "some weight" because "the medical evidence supports greater limitations" (Tr. 25). The ALJ did not indicate which parts of Dr. Jurado's report he accepted and which he rejected.

sit with precise citations to the record. To the extent the ALJ changes his assessment of plaintiff's RFC, he must put revised hypothetical questions to the VE.[4]

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Rather, the matter must be remanded so that the record may be further developed to address the deficiencies noted above. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is denied.

---

[4] For the same reasons, the ALJ must reevaluate the lifting component of plaintiff's RFC. Plaintiff testified that she can lift at most eight pounds (Tr. 44). The ALJ did not specifically reject this testimony which, if accepted, would prevent a finding that she is able to lift ten pounds, as required by the regulatory definition of sedentary work. *See* n.1, *supra.* The only evidence of which the Court is aware regarding a higher lifting ability is Dr. Jurado's opinion that plaintiff can lift up to 50 pounds (Tr. 584). As noted, however, the ALJ found that "the medical evidence supports greater limitations" than those suggested by Dr. Jurado (Tr. 25). On remand, if the ALJ rejects plaintiff's testimony regarding her limited ability to lift weight, he must explain his reasons for doing so and support his findings of a higher lifting ability with precise citations to the record.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted and this matter is remanded for further proceedings as specified above. This is a sentence four remand under § 405(g).

Dated: March 24, 2017
Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF system to their respective email or First Class U. S. Mail addresses disclosed on the Notice of Electronic Filing on March 24, 2017.

s/Teresa McGovern
Case Manager Generalist